Note — As to the first of these objections, it seems to stand but upon slender foundations. The Defendant should have craved oyer of the writ, and by bis plea in abatement have pointed out me variance, and priced that the writ should be quashed ; but he comes too late to take advantage of this circumstance, after failing to lake it at the proper time, and especially when he comes after verdict. Lutch 173. 5 Geo. 1. ch 13. Rut wi.h respect to the latte objection, that probably is posse-sed ofstme solidity ; and as tut? action of d. Unite is of very general use in this country, it is to be lamented that this, as well as several other controverted points, were not settled by judicial decisions — for there is baldly any evil in the law department more mischievous, than uncertainty in the manner of proceeding in courts in actions that are in general and fivqtu nt use. Tin- olo boo’-.s themselves, that treat of’his action when it Vas in use in England, leave many points very necessary to be reduced to certainty, in much perplexity ; some of them say that the writ may be general, di m.tiding bona ti catulla, and that the Plaintiff may count of three or m ■-« papers. 21 H. 6 29. Some say the writ need only name the number of cha.ti-rs or writings, as Unit he render one charier or tnroi charters, or one ivriiing obligatory or testament, &c. &c. F. N. B. 138. but that the declarado . must reduce all to certainty as to time, piace and value. 1 Rd. 3, 20. a 3 H 6. and accordingly it hath been the common practice, both in the English courts and our own, where there are several articles sued for, dioei'si generis, to name each article, and its value, in the declaration ; or if many individuals of the same species arc sued for, as a flock of sheep, sacks of corn, spoons, and the like, to sp< cd\ the numbtr and value. New B. Ent. 169. Lib. Int. 218 B. s. 4. 211. D. s. 2. And in actions lor ne-groes, which are c pable ot a more exact description by name, each negro is named ami his value. This certainty in the declaiation however may be required, only for the purpo.-e of enabling- the Defendant to pl-'ad in oar, should there be a recovery by the Pltdiuiff, or a v. relict and judgment against him,either in altor in part — for instance if several things of the same species, capable of precise identification, as several negroes of different nimes, should be sued for, and a verdict and judgment for the Plaintiff as to some of them, and a verdict against him as to the others; if tit,- declaration mentioned them only as so many negroe», and tin verdict should find for the *174 plaintiff as to part only, not identifying: them, ami against him as to the others, it would be impossible evei to know which ofthe negroes were recovered, and which not; and though th# jury might assess a value and damages for them, and the Plaintiff by that ima s obtain the value ; yet should he afterwards sue for part of the same negroes again, describing them by numbtrs only, it would be impossible for the Defendant by producing the fortín: v record, to shew that their value had ah oady been recovered of him, or that the Plaintiff had been barred as to thpm ; but it will not follow from lienci, that the value of each must be assessed by the verdict, for if they an* de-scribí d with sufficient certainty in the declaration, and named with the same certainly in the verdict, that record will always be capa-de of repelling the claim ofthe Plaintiff, either as to the negroes recovered, or as to those for which a verdict was against him, although an entire value be assi ssed witli respect to those recovered. The same may be said i f bonds, or writings sufficiently described and identified, if'it be necessary at all to ass--ss a v-due for each article, it is because upon going out of the distringas, some of the articles may be delivered and the others n .t; and tln-n the Sheriff would not be able to know how much mem y he ought to receive for iliese articles, the value of which were imtassesst d ; but it is doubtful whether upon the distringas, the Sheriff can receive the \alue ; for the object of the distringas is to enforce the delivi ry of 'll * tiling itself, ihe judgment being lor that, if to be had iu the first instance, and if not to lie'had, then for the value nddama es; anciently for the tiling and damages ; and if not to be had, then d! in damages. According to what is said in some books, the ass- ssment ofthe value seems to be of little or no use ; for although it be assessed, if the Sh"r;ff return upon the disiringas, that the thing recovert d is not to be had, then the execuhon seems not to issue for 'lie value already assessed but anothtr jury is to be called in to assess damages intoto; upon which a common execution for monev gees "lit to buy them. 3 Bl Com 413. Rast Ent. 215 1 Roll. 737 Jenk. 288. pl. 23. 1 Sid 246. If this be the practice ifi all circumstances, then tin- assev>m--nt ,jf value in the first instance is nut of absolute necessity ; since it can have no effect, a. d of course an imperii ct assessment, or one not made in the usual manner, cannot vitiate the other partsot the verdict, which ara-useful and substantially well fouudi-d. But if the assessment of damages efter the teturn of the distringas, is only to be made where the judgment hath been given upon demurn r, or where the jury omit to find the value, as possibly niav be 1 h. oa-e. and indeed seems verv deducible from Plow 84 and 283. 1 Keeble 882. tn the first of which ii is decided, that the jury must find the v.dui- ; in the last, that tin omitting to find that value, may be supplied by writ of en-quitt— nd in the second there is a demuirei, the declaration be.ng for &i v< ral > hit gs of adiffereutkind, upon which the judgment is, that the Plain iff'do recover die goods and chattels, &c. or their value, and a distringas issued to compel the delivery of them, and directing the Sheiiff to < tiqoire of the damages for the detention and costs: and in case of non-d- livt ry of the goods and chattels, th. n to enquire Ji<,w much they are worth, and the Slier.ff returned one value for all, and damages for the detention and costs, and there was judgment accord i gly. If mis distinction be gianted to be well drawn the result will be that the distringas upon veidict assessing the value, is in the disjunctive, to compel ihe IJel< ndanttodeliverliie goods or the value of so much in lieu of them. Morgan’s Pleader 328; but where the ju”. omit to find the vain* , and -Tie judaícen’ is rendered upon that finding- or upon demurrer, that the distringas then is, for the delivery *175 »!•' the go mis or their va’ue, without saying without what value ; and in the latter ;:<se with a f.irther <lir, cl.on to the Sheriff, that if goods are not delivered, that he enquire of the value damages for detent on, costs, &c. and then if it appears upon the Sheriff’s return, that the goods are not delivered, til issues a set fa. or ca. sa or if in the ibrtn-r where tin dist-ingas issues without th it clause, the same thing appears upon the Sb'rdF’s return, then a jury in court is call-’d upon, to supply the omiss’on of the former jury, and to assess damages in tolo. These distinctions will reconcile all toe caties to be found in the books, and are therefore very probably the true ones, though it must be confessed in tne instance p chaps, owing to a want of attention to these differences, comr.rv practice hath been adopted in our courts in the ease of Merritt v. Warmouth. There the jury assessed a value considerably above the ''ea! value of the negto, out the De-fr'odant before the action brought, had re-delivcred die n *gro to Waller, who had hired the negro to him ; and wlvn the distrinffas went out, he could not deliver him to the Sheriff^ and upon Ins return to this off cl, and j complaint made that t!-e assi-ssmen' was too high ; it wis satd ay the counsel for the Plaint.ff, and admitted by the court, hat there must now he a new assessment of damages in foto hi for-- a ji. fi. or a ca. sa. could issue ; and accordingly a jury were empanneied in court to assess the damages, and did ass- s, them,, and the execution for tin money r d unag'-s was issued accordingly. Halifax October. 1792 If however the distinctions before mentioned are just, then it would seem to follow, that ev-uy article demanded, capahle in its nature of a distinct s-n: idle description and not malting a part of the whole thing demanded, as the sails of a ship or other appurtenance, should have a separate value affixed to it by the jury who Tied tile issue ; to the end that should the Defendant he dis.posed to pay the value of some article which he cannot deliver, he might know what to pay, and the Sheriff'what to rece-ve for that article. Although the s ran precision mar not be necessary wh. n a jury are called to asa S-, tne value, after the r turn of a distringas issued in consequence nf a judgment upon demurrer 5 for th.we, if some things are delivered and o-h*ws not, it will appear upon the return what articles still remain undelivered j and as it also appears by tlie return, that the Defendant cannot or will not deliver any of those, there will no longer be the same reason for assessing a separate value upon each ; and an entire assessment for the remaining articles will be well en nigh, according to what was practis d in the case of Graysbrook and Fox in Plow. 283. The same may be said in regard to the case wh-r.-die juty omits m the first -n .tance to find the value. . Vide Bl Rep. 854. 2 vol. From ail ttieseconsiderations it would follow, that the hit ter of these obj ft ons w- -, a ia'i 1 one, and that the proceedings in the c se oi Merritt a id Warmouth, so fur-as regards that point, were not w.ir.anted by nivc. d> 11 ; but wucther these remarks be founded or not on solid pruictples, is to >e known only by the event of future dt ci-ions, none upon dits point having yet taken place in this country that have beet, pi'served. The writer hopes it cannot be deemed presumption it. any one of the profession, to have contributed his a*s stance towards lite elucidation of a point which ought not to be misu“d--r,s(ood, or to be held in uncertainty; by exhibiting such ideas -s occurred to him upon the reasons in arrest moved in the case o Lewis and Williams, and in consequence of his reflexions upon hem -tterwards; ittey may' render the researches of others less difficult, aud by tha means enable inera to go d. eper into the subject when the point next occurs, than if he had consigned them to oblivion, and left the subject daimant until *176 the samp reasons should be again filed, which may not be for some
Note. — -The practice now used in our courts, in consequence ofa deci-sionsome.yearsagoat Edent >n, a d m uid previous to the institution of the act ion of detinue is required, but for what purpose is not clearly understood amongst the practitioners. . it cannot be to entitle the Plaintiff to his acti n; for there have been several decisions that the act of limitations will runfromthetime that the Plaintiff knows the subject of controversy to be in the possession of the Defendant, and to lie adversely claimed In- him. Vide Hillsborough, April 1792 Berry’s Administrators v. Pullam, and Hillsborough, April 1794, Elw.ck's Executors v. Rush. And this proves that a present right of action may be in the Plaintiff before the demand ; for the act of limitations can only run from the time of the action accruing. To say th -rofore, thal the act run from the time that the Defendant has an adverse possession known to the Plaintiff, is to say, that the action accrues to the Plaintiff from that time ; it can therefore be cf no other use than to entitle the Plaintiff to his damages for the. detention and costs. And in out courts is given in evidence, instead of being replied as formerly, to a plea on the part ot the Defendant, that he hath always been ready, and is still ready to deliver to the Plaintiff, accompanied with an offer to deliver instantly in court t or with a pr»yt*r that the court would appoint a dav for the delivery. Vide 2 Mo. Ent. 427. 1 Brown 149. 1 Roll. Ab. 574. pl. 4. pl. 5. Super’s law of damages 69. In which case, if the plea were admitted to be true, or not denied by replying, a former dem md and refusal, and proving the same on trial, the Defendant was not liable to dam ige,s for the detention ; but if our practice be accounted for this way, it will remain still a matter of difficulty to assign the reason why it is given in evidence upon the plea of non detinet; unless it may be said, that our practice requiring this evidence in every instance, takes away the necessity for that old plea and replication, and renders the pleadings more simple; and that the courts have gone beyond the extent and purpose of our rule of practice, where they have ordered nonsuits upon the deficiency of proof of the demand, which they must necessarily judge of themselves, and not lea 'e to the jury to conclude upon, as they were used to do upon the evidence given on the replication_ Por now the jury being charged only with the issue detinet vet non, must cither answer in the affirmative or negative ; and surely they could not say non detinet, merely because there was no demand proven, and thereby bar tne Plaintiff forever. II the want of such proof could not jus'ify them in saying non detinet, then it is not material set fat’ as rel.it1 a to the issue with winch they are charged, for them to consider wh t'i. r the evid-nee offered amount-, to the proof of the fact intended to be proven by it or m t; and as it belongs not to them to say, wheth. r the Plaintiff shall be nonsuited or not, if he ts non-suit; d at ah, it must be under the opinion of the ci-uit. formed upon conclusions drawn from the evidence given, and that not material to the issue. So that so far as respects a nonsuit, the evidence is given necessarily to the court, to be judg, d of as to its amou t only by them ; which, whether it be more convenient and prop, r than the ancienl mode, or more consonant to constitutional principles, may be a matter of some speculation. But if given in ev.drnce only in place of the old plea and replication, and the jury are to dtt rmine upon hearing it, whether in fact there was a demand and a refusal on' the part of tne Defendant, and according to their conclusions upon that, head, to proceed or not to assess» damages for ths detention, then *177 there would be less cause perhaps for impeaching' our rule of practice ; but this would effectually overthrow the practice of nonsuiting the Plaintiff, upon either a real or supposed deficiency in the proof of the demand. Suppose'the Plaintiff refuses (o suffer a nonsuit, •and requires a verdict notwithsanding a deficiency of proof of the demand, having given full proofof his property, and the Defendant’s detention — wifi the court direct the jury to'find non detinet ? If in support of the court’s opinion, lhc'B‘ fendant should (femur to the evidence, and thereby admit the facts to be true as sworn — would the court say, they were proper evidence of a non detinet, or a disproof of the detinue laid in the declara! ion, and adjudge the cause against the Plain1 iff, although títere was other competent proof fully and completely adequate to the proof of the contrary in all respects r And besides what judgment could the court give upon such a demurrer? Could they say that the evidence was incompetent to the maintenance of the issue he had undertaken to support, and that he should he therefore nonsuited? This is stating the matter in.the most favorable point of view of which it is susceptible in support of the practice, perhaps more favourable than the rules of law will permit ; for it is gen; rally laid down, tine t.e- person demurring to evidence must admit that the circumstances offered in ‘evidence, do amount to proof of the fact intended to be proven by them, and insist only tha‘ the fact when proven, is in law incompet -nt; and then-the Defendant could not demur, but by admitting f e demand and re-fus d ; upon woicb admission, the court could not nousuit'fur want of a demand and refusal ; hut if'th, Pluntff would not agree to a non-suit, and that could not he procured bv means of a i.h murrer io evidence, then it would seem that the court have no power of nonsuiting, and of couim; that they ought not to hear ,> valence with tbht view, nor undertake to judge of it-, amount for that purpose ; and that the evidence which is (he subject of this investigation, when giv. n, must be for the purpose of enabling the jury to decide upon the justice of allowing or disallowing damages for th.- p-trniion. Ideoqutere.
Noth. — A variance between the writ and declaration ns latd in this State veu after verdict. Stamps v. Graves, 4 Hawks 102. Glisson v. Herring, 2 Lev. Rep. 156.